# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

J.B. HUNT TRANSPORT, INC.,

        Plaintiff,

v.                                                                      Case No: 3:23-cv-433-WWB-MCR

TROYZ TOWING AND STORAGE INC.,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of an Order Taking Judicial Notice ("**Motion for Judicial Notice**," Doc. 30), Plaintiff's Motion in Limine to Preclude Expert Testimony by Non-Expert Witnesses ("**First Motion in Limine**," Doc. 31), Plaintiff's Motion in Limine to Preclude Admission of Evidence Relating to Plaintiff's Financial Status ("**Second Motion in Limine**," Doc. 32), and Plaintiff's Motion in Limine to Preclude Evidence of Defendant's Corporate Representative and Owner's Cancer Treatment/Diagnosis ("**Third Motion in LImine**," Doc. 33), and Defendant's Responses in Opposition (Doc. Nos. 45, 46, 47, 48)[1] thereto.

---

[1] Defendant's Responses in Opposition fail to comply with this Court's January 13, 2021 Standing Order, and Plaintiff's Motions fail to comply with Local Rule 3.01(g). In the interests of justice, the Court will consider the filings because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

## I. BACKGROUND

Plaintiff, J.B. Hunt Transport, a motor carrier and freight broker, alleges it loaned a trailer that it leases for its business to an independent contractor to deliver a load and the contractor subsequently abandoned the trailer at a service station in Jacksonville, Florida. (Doc. 9, ¶¶ 2, 8, 10–11). Plaintiff alleges that Defendant subsequently towed the trailer, at the request of the service station, without providing notice in accordance with Florida law, and held it subject to demands for payment of its invoice in full and the signing a hold harmless agreement. (*Id*. ¶¶ 2, 12–14, 17). Plaintiff alleges that despite its attempts to satisfy Defendant's requests, Defendant refused to return the trailer and sold it at auction without notice of its intent to do so. (*Id.* ¶¶ 17–19, 22). Accordingly, Plaintiff filed the instant action alleging claims for fraud, conversion, tortious interference with a business relationship, replevin, and unjust enrichment. (*Id.* ¶¶ 29–59). This case is currently set for trial at a two-day bench trial beginning February 24, 2025. (Doc. 42).

## II. DISCUSSION

Plaintiff seeks judicial notice of a Florida Statute regarding towing laws in Florida and certain facts pertinent to this case, and seeks to exclude expert testimony by non-expert witnesses, testimony of its financial status, and testimony regarding Defendant's corporate representative's diagnosis and treatment for cancer. Defendant partially opposes the request for judicial notice and opposes each of Plaintiff's Motions in Limine.

### A. Motion for Judicial Notice

Plaintiff moves the Court to take judicial notice of section 713.78, Florida Statutes, and the fact that the trailer was less than three years old—and therefore a newer model under the statute—when Defendant allegedly sold the trailer. Defendant does not oppose

judicial notice of the statute, but opposes judicial notice of the trailer's age and status as a newer model because Plaintiff "should be required to establish their 'facts' through proof of admissible evidence." (Doc. 45 at 2).

"[A]djudicative facts are those developed in a particular case," while "[l]egislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally." *Robinson v. Liberty Mut. Ins. Co.*, 958 F.3d 1137, 1142 (11th Cir. 2020) (quoting *W. Ala. Women's Ctr. v. Williamson*, 900 F.3d 1310, 1316 (11th Cir. 2018)). There is no rule of procedure governing judicial notice of legislative facts. Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rules; *see also United States v. Saylor*, 626 F. App'x 802, 805 (11th Cir. 2015). Nevertheless, "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." *Lamar v. Micou*, 114 U.S. 218, 223 (1885); *see also Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1264 n.3 (11th Cir. 2020) ("Federal courts, however, must take judicial notice of state law."). Therefore, Plaintiff's request for the Court to take judicial notice of section 713.78 will be granted.

However, the Court will deny Plaintiff's request regarding the trailer's age and status under the statute. The Federal Rules of Evidence govern a court's ability to take judicial notice of adjudicative facts. *See* Fed. R. Evid. 201(a). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Indisputability is a prerequisite" to judicial notice. *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017) (quotation

3

omitted). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Plaintiff fails to establish that the trailer's age and status are indisputable. Plaintiff relies on a trailer leasing agreement with a non-party, (*see* Doc. 30 at 6), but this document does not constitute one "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *cf. Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (noticing dates of defendant's postconviction motions because state court docket records are accurate and reliable); *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, No. 2:18-cv-408-FtM, 2019 WL 277733, at *3 (M.D. Fla. Jan. 22, 2019). Therefore, Plaintiff's request will be denied in this respect.

### B. Motions in Limine

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

Plaintiff first moves to preclude potential expert testimony from non-expert witnesses. Although Defendant has not disclosed any expert witnesses, Plaintiff anticipates that Defendant will elicit expert opinion testimony from Defendant's corporate representative, Nicole Bostick, or others on the matter of Florida towing law based on

Bostick's deposition testimony. (*See* Doc. 31 at 2). Defendant argues that testimony of Defendant's own understanding and compliance with statutes and regulations is not expert testimony.

Non-expert opinion testimony "is limited to [an opinion] that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[L]ay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Holland*, 722 F. App'x 919, 928 (11th Cir. 2018) (quoting Fed. R. Evid. 701 advisory committee's note to 2000 amendment); *see also Trovillion Constr. & Dev., Inc. v. Mid-Continent Cas. Co.*, No. 6:12-cv-914-Orl, 2013 WL 5566066, at *3 (M.D. Fla. Oct. 8, 2013).

Having reviewed Bostick's testimony, the Court does not find it to be expert opinion. As exhibited in her deposition, Bostick's answers regarding towing law and the towing industry are statements of fact necessary to her role at the company and her involvement with this particular dispute in July 2022. Her testimony does not pertain to mere "supposition and extrapolation [that] crosses the line into expertise." *Lebron v. Sec'y of the Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1372 (11th Cir. 2014). Rather, it is precisely the type of "lay testimony [that] results from a process of reasoning familiar in everyday life." *Holland*, 722 F. App'x at 928. Accordingly, because Plaintiff has not directed the Court to any testimony that runs afoul of the disclosure requirements for expert witnesses, its First Motion will be denied.

5

Plaintiff's Second Motion seeks to exclude evidence of Plaintiff's financial status and Defendant's relative lack of finances because it is irrelevant and prejudicial to the jury. Plaintiff also argues that although it seeks punitive damages, financial information is not a prerequisite to imposing punitive damages. In response, Defendant cites to case law demonstrating the high standard to exclude evidence and argues that "Defendant is not playing to the financial equities of the Court." (Doc. 47 at 2).

As a preliminary matter, Plaintiff's argument regarding prejudicing the jury fails because this is a bench trial; as such, "there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *see also Wainey v. United States*, No. 2:20-cv-969, 2022 WL 9375836, at *2 (M.D. Fla. Oct. 14, 2022) ("At a bench trial, Rule 403's exclusion of evidence for unfair prejudicial impact has no logical application." (quotation omitted)).

Generally, "no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (quoting *Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234, 241 (Fla. 5th DCA 1991)). The parties' wealth makes it no more or less likely that Defendant's conduct violated Florida law and is therefore irrelevant to Defendant's liability. But a defendant's financial position is relevant to punitive damages. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010) ("The Supreme Court of Florida, therefore, has determined that the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award[.]"); *see also Transamerica Life Ins. Co. v. White*, No. 6:23-cv-452, 2024 WL 1494344, at *1 (M.D. Fla. Mar. 13, 2024).

6

Thus, because Plaintiff seeks punitive damages in this case, Defendant's finances are admissible for the Court's consideration of Defendant's ability to pay punitive damages should the Court find liability and entitlement to such damages. Consequently, Plaintiff's Second Motion will be denied with respect to such evidence offered in connection with punitive damages.

In the Third Motion in Limine, Plaintiff argues that Defendant should be precluded from mentioning Bostick's cancer treatment and diagnosis because it is irrelevant and highly prejudicial under Federal Rule of Evidence 403. Defendant again argues that the standard to exclude evidence in a non-jury trial is high and that Bostick's prior medical treatment is relevant to Defendant's affirmative defenses and Bostick's memory lapses at her deposition.

Having reviewed Defendant's ten affirmative defenses, the Court finds that Bostick's cancer diagnosis and treatment are irrelevant to such defenses, all of which pertain to other issues: jurisdiction, third parties, Plaintiff's conduct, and particularity in pleading. (*See* Doc. 14 at 7–10); *see Dagnesses v. Target Media Partner Operating Co.*, No. 1:15-cv-23989, 2016 WL 10647255, at *6–7 (S.D. Fla. Nov. 14, 2016) (excluding evidence of plaintiff's cancer because it was irrelevant to her Title VII, Florida Civil Rights Act, and breach of contract claims). With respect to relevance to Bostick's purported memory lapses, should Plaintiff call into question Bostick's memory, evidence of her cancer diagnosis and treatment may become relevant to her credibility. *See United States v. Touchet*, No. 3:07-cr-90-J, 2008 WL 2025322, at *6 (M.D. Fla. May 9, 2008) (stating that evidence of witness's cancer treatment, although previously excluded in limine, would be relevant to his memory of events if witness affirmatively answered on

7

cross-examination that he had a memory problem). Therefore, because Plaintiff has failed to establish that the testimony is irrelevant on all grounds, and Rule 403 does not apply in this case, the Motion will be denied. Nevertheless, Plaintiff may object to the admission of such testimony at trial to the extent Plaintiff has not placed Bostick's memory at issue.

### III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Judicial Notice (Doc. 30) is **GRANTED in part** as set forth in this Order and **DENIED without prejudice** in all other respects.
2. Plaintiff's First Motion in Limine (Doc. 31) is **DENIED without prejudice**.
3. Plaintiff's Second Motion in Limine (Doc. 32) is **GRANTED in part** as set forth in this Order and **DENIED without prejudice** in all other respects.
4. Plaintiff's Third Motion in Limine (Doc. 33) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida on February 24, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record